UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-260-FDW
(3:12-cr-188-FDW-DSC-13)

| | |
|---|---|
| **NATHANIEL GRAHAM,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), Motion to Amend/Correct, (Doc. No. 2), and Motion for Order to Show Cause, (Doc. No. 4).

**I.  BACKGROUND**

Petitioner was indicted along with 27 co-defendants in a RICO conspiracy. The charges pertaining to Petitioner are: Count (1), conspiracy to participate in racketeering activity based on multiple acts involving murder, bribery, robbery, controlled substance felonies, the illegal use of a communication facility, and Hobbs Act offenses; and Count (14), conspiracy to commit murder in aid of racketeering activity. (3:12-cr-188 at 280). A jury found him guilty of both counts as charged. (3:12-cr-188 at 494). The Court sentenced him to 240 months as to Count (1) and 120 months as to Count (2), concurrent, followed by three years of supervised release. (3:12-cr-188 at 837).

Petitioner argued on direct appeal that he was entitled to judgment of acquittal because the government's evidence did not establish his guilt beyond a reasonable doubt and that the evidence

1

required a jury instruction on withdrawal from a conspiracy. The Fourth Circuit affirmed in an opinion issued February 9, 2016. United States v. McIntyre, 639 Fed. Appx. 171, 172-73 (4th Cir. 2016). With regards to the sufficiency of the evidence to support Count (1), the Fourth Circuit explained that, "[t]o satisfy § 1962(d), the government must prove that an enterprise affecting interstate commerce existed; that each defendant knowingly and intentionally agreed with another person to conduct or participate in the affairs of the enterprise; and that each defendant knowingly and willfully agreed that he or some other member of the conspiracy would commit at least two racketeering acts." McIntyre, 639 Fed. Appx. at 172-73 (citations omitted). After reviewing the sufficiency of the evidence *de novo*, the Fourth Circuit found that there was substantial evidence to support the jury's verdict of guilt. The Fourth Circuit also found that the Court's failure to instruct the jury on withdrawal from a conspiracy was not plain error.

Petitioner filed his § 2255 Motion to Vacate on May 7, 2017, arguing that: (1) counsel was ineffective for failing to object that there was no evidence that he committed two predicate acts constituting a pattern of racketeering activity to support the conspiracy conviction. (Doc. No. 1). On October 6, 2017, Petitioner filed an Amended § 2255 Motion to vacate adding the following claims: (2) the Court lacked subject-matter jurisdiction to convict and sentence Petitioner for conspiracy to commit murder in aid of racketeering activity because there was no proof of an agreement to commit murder; (3) counsel was ineffective for failing to file a motion to sever Petitioner's trial from his co-defendants' trials; and (4) counsel was ineffective for failing to file a motion to suppress Petitioner's recorded conversations.

## II. MOTION TO AMEND

A one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A federal judgment becomes final under § 2255(f)(1) "when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari," or, if a petitioner does not seek certiorari, "when the time for filing a certiorari petition expires." Gonzalez v. Thaler, 565 U.S. 134, 149 (2012) (quoting Clay v. United States, 537 U.S. 522, 532 (2003)); see U.S. Supreme Court Rule 13(1) (certiorari petition is due 90 days from entry of the judgment).

For an untimely claim relate back to the original timely-filed pleading, it must be shown that "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); see Mayle v. Felix, 545 U.S. 644, 664 (2005). In the context of a habeas motion, "conduct, transaction, or occurrence" does not mean the same "trial, conviction, or sentence," such that any claim that relates to the prior conviction or sentence challenged in a habeas motion is considered timely, no matter how long after the original motion it is filed. Rather, a proposed amendment relates back to the date of the original motion if it "state[s] claims that are tied to a common core of operative facts." Mayle, 545 U.S. at 664.

Petitioner's conviction and sentence became final pursuant to § 2255(f)(1) on May 9, 2016, when the 90-day period for filing a certiorari petition in the U.S. Supreme Court expired. He timely

filed his § 2255 Motion to Vacate just inside the one-year statute of limitations on May 7, 2017. However, the Amended § 2255 Motion to Vacate was untimely filed on October 6, 2017. The new claims in the Amended § 2255 Motion to Vacate do not relate back to the original timely-filed Motion to Vacate. The claims that the Court lacked subject-matter jurisdiction to convict and sentence Petitioner for conspiracy to commit murder in aid of racketeering activity, and that counsel was ineffective for failing to file pre-trial motions to sever and to suppress, are entirely new and based on separate facts that the original, timely claim that counsel was ineffective for failing to argue that the evidence on the conspiracy count was insufficient. The new claims do not share a common core of operative fact with his original timely claim and, thus, the Amended § 2255 Motion to Vacate is time-barred under § 2255(f)(1).

Based on the foregoing, Claim (1) is timely but the remaining claims are untimely and do not relate back. Therefore, the Motion to Amend/Correct will be denied. Petitioner's Motion to Amend will be denied because it was untimely filed and the new claims do not relate back to the original, timely filed § 2255 Motion to Vacate.[1]

### III. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI.

---

[1] Howie v. United States, 2012 WL 6194406 (W.D.N.C. Dec. 12, 2012) (recognizing that courts may consider § 2255's statute of limitations *sua sponte*).

To show ineffective assistance of counsel, Petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689). The Strickland standard is difficult to satisfy in that the "Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." See Yarborough v. Gentry, 540 U.S. 1, 8 (2003). The prejudice prong inquires into whether counsel's deficiency affected the judgment. See Strickland, 466 U.S. at 691. A petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In considering the prejudice prong of the analysis, a court cannot grant relief solely because the outcome would have been different absent counsel's deficient performance, but rather, it "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), *vacated on other grounds*, 218 F.3d 310 (4th Cir. 2000).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior

proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

IV. DISCUSSION

Petitioner argues that counsel was ineffective for failing to object to Petitioner's conviction and sentence for conspiracy to commit racketeering without establishing that Petitioner committed two predicate acts constituting a pattern of racketeering activity. Counsel's failure to object led the government to illegally convict Petitioner without establishing his guilt. A reasonable juror would not have found him guilty beyond a reasonable doubt because there was no evidence to support his commission of two predicate acts constituting a pattern of racketeering activity. Absent counsel's failure to object to the lack of sufficient evidence, he argues, the outcome of the proceeding would have been different.

As a preliminary matter, the Court finds that it is able to resolve the § 2255 claims without a response from the Government, accordingly, Petitioner's Motion for the issuance of an order to the Government to show cause why § 2255 relief should not be granted, (Doc. No. 4), will be denied.

It is well settled that a criminal defendant cannot "circumvent a proper ruling ... on direct appeal by re-raising the same challenge in a § 2255 motion." United States v. Dyess, 730 F.3d 354, 360 (4th Cir. 2013) (quoting United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009)); see also United States v. Roane, 378 F.3d 382, 396 n. 7 (4th Cir. 2004) (noting that, absent "any change in the law," defendants "cannot relitigate" previously decided issues in a § 2255 motion); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (holding criminal defendant

6

cannot "recast, under the guise of collateral attack, questions fully considered by this court [on direct appeal]"). Under the law of the case doctrine, once the decision of an appellate court establishes law of the case, it must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal unless: "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work a manifest injustice." United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (quoting Sejman v. Warner-Lambert Co., 845 F.2d 66, 69 (4th Cir. 1988)); see United States v. Francis, 62 Fed. Appx. 507 (4th Cir. 2003) (applying law of the case doctrine to bar the relitigation on § 2255 review of issues previously litigated on direct appeal).[2]

Petitioner argued on direct appeal that there was insufficient evidence to support his convictions. The Fourth Circuit set forth the elements of the RICO conspiracy offense, reviewed the sufficiency of the evidence *de novo,* and concluded that there was substantial evidence to support the jury's guilty verdict on Count (1). McIntyre, 639 Fed. Appx. at 173. Petitioner's attempt to re-cast his sufficiency of the evidence argument as a claim of ineffective assistance of counsel on collateral review is barred. See, e.g., Stitt v. United States, 369 F.Supp.2d 670 (E.D. Va. 2005) (Fourth Circuit's finding on direct appeal that the court was not constitutionally required to give jury instruction barred petitioner from arguing on § 2255 review that counsel was ineffective for failing to request that instruction); Higgs v. United States, 711 F.Supp.2d 479 (D. Md. 2010) (Fourth Circuit's ruling in the context of a Brady[3] violation that the absence of a witness

---

[2] Unpublished opinions are not ordinarily accorded precedential value, and are "entitled only to the weight they generate by the persuasiveness of their reasoning." Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006) (citation omitted)).

[3] Brady v. Maryland, 373 U.S. 83 (1963).

7

from trial and failure to provide notes pertaining to that witness had no prejudicial effect on the outcome of the case and that there was strong evidence to support the conviction and sentence even if the statement at issue had been introduced into evidence, barred petitioner from arguing on § 2255 motion that counsel was ineffective for failing to call that witness at trial). Cf. United States v. Randall, 564 Fed. Appx. 701 (4th Cir. 2014) (finding that petitioner's argument on direct appeal that his guilty plea was knowing and voluntary did not bar his § 2255 claim that counsel was ineffective in advising him regarding two plea offers and rejected the first offer and accepted the second based on that misadvice, where the Fourth Circuit declined on direct appeal to consider any evidence of counsel's ineffectiveness that was not in the record and invited petitioner to file a § 2255 motion if he wished to make out an ineffective assistance claim).

Petitioner's attack on his RICO conspiracy conviction is also based on a legally unsound premise. The elements of a RICO offense are: (1) the conduct (2) of an enterprise (3) through a pattern of racketeering activity. 18 U.S.C. § 1962(c); Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985). A "pattern of racketeering activity" means at least two acts of "racketeering activity." 18 U.S.C. § 1961(5). "Racketeering activity," in turn, means "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance … which is chargeable under State law and punishable by imprisonment for more than one year…." 18 U.S.C. § 1961(1). The RICO conspiracy statute provides that it is unlawful for any person to conspire to violate the RICO statute. 18 U.S.C. § 1962(d).

The government must prove that "each defendant knowingly and willfully agreed that he or some other member of the conspiracy would commit at least two racketeering acts." United States v. Mouzone, 687 F.3d 207, 218 (4th Cir. 2012). However, unlike traditional conspiracy, the RICO conspiracy statute contains "no requirement of some overt act or specific act." Salinas v.

United States, 522 U.S. 52, 63 (1997). A defendant can conspire to violate RICO without himself committing or agreeing to commit two or more acts of racketeering activity. Salinas, 522 U.S. at 65. A RICO conspiracy may exist "even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense." Id. "Thus, to secure a conviction for RICO conspiracy, the government is not required to allege or prove the actual completion of a single racketeering act by the defendant or any other member of the conspiracy." United States v. Cornell, 780 F.3d 616, 624 (4th Cir. 2015).

Petitioner's contention that the evidence to support his RICO conspiracy conviction was insufficient because the Government failed to prove that he committed two predicate acts, even if true, does not undermine his RICO conspiracy conviction because such proof was not required to prove that offense.

## V. CONCLUSION

For the foregoing reasons, the Court will dismiss and deny Petitioner's § 2255 motion to vacate, deny his Motion to Amend/Correct, and Deny his Motion for an Order to Show Cause.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** and **DENIED**.

2. Petitioner's Motion to Amend/Correct, (Doc. No. 2), is **DENIED**.

3. Petitioner's Motion for an Order to Show Cause, (Doc. No. 4), is **DENIED**.

4. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 9, 2018

Frank D. Whitney
Chief United States District Judge